OPINION
On November 2, 1974, appellant, Kenneth Canter, and appellee, Rebecca Indovina, fka Rebecca Canter, were married. Three children were born as issue of said marriage, Jason born February 8, 1979, Seth born November 9, 1981, and Joni born May 12, 1985. On December 14, 1987, appellant filed a complaint for divorce. The matter was heard before a magistrate. By decision filed June 8, 1989, the magistrate recommended custody of the children to appellee and recommended appellant pay child support in the amount of $327.00 per month per child. On July 25, 1989, appellant filed a motion to reduce the child support. By agreed judgment entry filed September 6, 1989, appellant's child support obligation was reduced to $277.00 per month per child. The parties were granted a divorce on October 6, 1989.
In 1997, the Tuscarawas County Child Support Enforcement Agency (hereinafter "CSEA") recalculated appellant's child support obligation and recommended the amount should be increased to $307.14 per month per child. An administrative hearing was held to review the recommendation. By report filed August 1, 1997, the hearing officer upheld the recommendation and requested a hearing before the trial court. A hearing was held before a magistrate on September 25, 1997. By decision filed November 10, 1997, the magistrate recommended the child support obligation should be lowered to $235.91 per month per child and denied CSEA's motion to increase the amount. The trial court adopted this recommendation on December 1, 1997.
On March 12, 1998, appellant filed a motion for reduction in child support pursuant to the magistrate's November 10, 1997 recommendation. By decision filed April 3, 1998, the magistrate granted appellant's motion and set child support at $235.91 per month per child. On April 16, 1998, appellee filed objections to the magistrate's decision. A hearing was held on May 11, 1998. By judgment entry filed May 13, 1998, the trial court vacated the magistrate's decision and deferred a decision pending the submission of post-hearing briefs. By judgment entry filed June 19, 1998, the trial court concluded appellant's income amount for the determination of child support was $78,911.00, and set child support at $513.04 per month per child.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ABUSED ITS DISCRETION IN CALCULATING APPELLANT'S GROSS INCOME FOR THE PURPOSE OF ESTABLISHING CHILD SUPPORT.
II
 THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT KENNETH CANTER BY ALLOWING A $2,000.00 DEDUCTION FOR EXTRAORDINARY UNINSURED MEDICAL EXPENSES INCURRED BY APPELLEE.
The issues on appeal center on the trial court's computation of appellant's child support obligation. We note the trial court failed to attach a worksheet to its judgment entry as required byMarker v. Grimm (1992), 65 Ohio St.3d 139. At the conclusion of the May 11, 1998 hearing, the trial court requested that the attorneys submit post-hearing briefs and include the following:
 I would also ask that they attach the proposed child support computation worksheets which would have of course all the necessary categories to be filled in and then to be computed so that I can view not only what they suggest I ought to conclude as factual in the case but also their computations as relates to those facts plugged into a formula the Supreme Court has given all of us as lawyers and judges and litigants in domestic relations cases as the formula to develop an amount of child support per child.
T. at 49.
Although the trial court's judgment entry does not specifically adopt appellee's worksheet submitted in accordance with the trial court's directive, the trial court did use the figures listed therein. Further, in its judgment entry at 3-5, the trial court stated as follows:
 ORDERED, ADJUDGED AND DECREED that based on the Findings set forth above and pursuant to Child Support Guidelines issued by the Supreme Court of Ohio, Kenneth W. Canter shall pay through the Tuscarawas County, Ohio, Child Support Enforcement Agency * * * to Rebecca Indovina for the benefit of the minor children * * * the sum of Five Hundred Thirteen and 04/100 Dollars ($513.04) per child per month * * *.
Although the procedure herein is not in strict compliance with Marker, we find it substantially complies and in the interest of judicial efficiency, we accept the procedure. DeHart v. AetnaLife Insurance Co. (1982), 69 Ohio St.2d 189.
 I
Appellant claims the trial court erred in concluding appellant's income for the determination of child support was $78,911.00. We disagree.
The gist of appellant's argument is that the trial court did not consider his Exhibit 2, a draft of his 1997 personal income tax return which claimed $28,600 in income (T. at 42), in determining his gross income. In its June 19, 1998 judgment entry at 2, the trial court concluded as follows:
 Finds that after thorough consideration of the income documents presented to the Court relative to the income of Plaintiff Kenneth Canter, the Court concludes that the income amount to be utilized for determination of monetary child support is Seventy-Eight Thousand Nine Hundred Eleven Dollars ($78,911.00). This income figure is the total of Dr. Canter's income from wages and salary shown on Line 7 of his 1996 Personal Income Tax Return together with Thirty-Two Thousand Nine Hundred Twenty-Eight Dollars ($32,928.00) in Schedule K-1 Income shown to have been received by Dr. Canter both on his personal 1996 Income Tax Return and on the 1996 Income Tax Return for his professional corporation known as Canter Chiropractic Life Center, Inc. The Court rejects Dr. Canter's position set forth in his Post-Hearing Memorandum of Law filed 5/26/98 that his income figure should be Twenty-Eight Thousand Six Hundred Dollars ($28,600.00).
In reviewing factual findings, we will not supplant our interpretation of the facts for the trial court's. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. Furthermore, in reviewing the quality and the admissibility of evidence, we are guided by the abuse of discretion standard.State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
The bulk of appellant's testimony concerned whether a secondary business loss (Country Christmas Chalet) should be calculated against his 1997 gross income for child support purposes. The secondary business made only $13,666 out of a $28,544 investment in 1996 and showed a $32,000 loss in 1997. T. at 24-27. Appellant explained "it takes three years to get a business like this rolling, so we are attempting to wait those three years to see if it will go." T. at 26.
Appellant claims it was unfair to discount the business loss because the secondary business was not a "hobby business." InState of Ohio ex rel. Patricia Springer, et al. v. James Booth
(November 12, 1993), Erie App. No. E-92-42, unreported, our brethren from the Sixth District found no abuse of discretion in the trial court discounting a "hobby business" in determining child support as long as the provisions of R.C. 3111.13(E) and R.C. 3113.215(A)(2) were followed. We concur with this reasoning. The secondary business was not in appellant's profession (chiropractic care) and was in its infancy. By appellant's own admission, he used his funds generated by his chiropractic practice to finance the secondary business. T. at 26. The "best interests" of the children substantially outweigh a hobby business set up by appellant. The diverting of earned income to finance a speculative and grossly overcapitalized business which showed no profit is patently against the best interests of the children.
Upon review, we find no abuse of discretion in the trial court's decision to use the 1996 income tax figures.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in crediting appellee extraordinary medical expenses in determining child support. We disagree.
It is undisputed that appellee has cancer and because of the extent of her illness and treatment is unable to take estrogen and therefore must take certain herbal remedies recommended by her physician. T. at 9.
Appellant argues R.C. 3113.215(A)(12) allows for extraordinary medical expenses for the children but not the spouse. Using appellee's worksheet adopted by the trial court, we find the following deduction at line 26, "$2000 was deducted from 1a above for the extraordinary uninsured medical expenses incurred by Mrs. Indovina for her (see attached)." The attachment was an itemized list of appellee's extraordinary medical expenses she has incurred as a result of her illness. Because the extraordinary medical expenses were included as an adjustment to appellee's income and is substantiated by the evidence (T. at 9-10), we find the trial court did not err in crediting appellee's income.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
______________________________
______________________________
 ______________________________ JUDGES
SGF/db 0224
JUDGMENT ENTRY
CASE NO. 1998AP070093
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
______________________________
______________________________
 ______________________________ JUDGES